**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| KUHN CAPITAL, INC., an Illinois Corporation,<br><br>Plaintiff,<br><br>v.<br><br>GIBSON GUITAR CORP., a Delaware Corporation,<br><br>Defendant. | ) | Case No.: 08CV2170<br><br>Judge St. Eve<br><br>Magistrate Judge Denlow |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL ARBITRATION AND STAY FEDERAL PROCEEDINGS**

Gibson Guitar Corp. ("Gibson") submits this memorandum in support of its motion to compel Kuhn Capital, Inc. ("Kuhn Capital") to submit the instant claims as part of the ongoing arbitration between these parties and staying the federal proceeding until that arbitration has concluded.

**FACTUAL BACKGROUND**

As noted in the accompanying motion, Kuhn Capital alleges that it entered into a written agreement (the "Contract") with Gibson to provide certain services related to acquisition transactions. (Compl. ¶¶ 7, 9, Exh. A; Arbitration Demand ¶ 3.) The parties then supplemented this Contract by allegedly adding to both Kuhn Capital's duties and its remuneration. (Compl. Exh. C.)

The Contract contains a broad arbitration provision covering all "disputes arising out of the Agreement." (*Id.* at Exh. A.) Pursuant to this clause, the parties are arbitrating a dispute relating to Kuhn Capital's performance and its entitlement to retainer fees or a percentage of an anticipated acquisition transaction. (Arbitration Demand ¶ 17.) Kuhn Capital, however, refuses

to submit this dispute about its performance and its entitlement to fees for closing services as part of the ongoing arbitration.

**ARGUMENT**

The Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* ("FAA"), governs the enforcement, validity, and interpretation of arbitration clauses in commercial contracts in both state and federal courts. *Jain v. de Mere*, 51 F.3d 686, 688 (7th Cir.1995). Under the FAA, arbitration clauses are valid and enforceable agreements to be viewed with favor as a matter of federal and public policy. 9 U.S.C. § 2; *see Sweet Dreams Unlimited, Inc. v. Dial-A-Mattress Int'l, Ltd.,* 1 F.3d 639, 641 (7th Cir.1993) ("[I]t is beyond peradventure that the Federal Arbitration Act embodies a strong federal policy in favor of arbitration.").

The statute therefore directs federal courts to stay legal proceedings when a particular dispute is found to be subject to arbitration under a contract or agreement. 9 U.S.C. § 3. In keeping with the spirit of the FAA, "[a]n order to arbitrate . . . should not be denied unless it may be said with positive assurance that the arbitration clause [in a contract or agreement] is not susceptible of an interpretation that covers the asserted dispute." *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582 (1960); *see also AT & T Techs., Inc. v. Communications Workers of Am.*, 475 U.S. 643, 650 (1986).

Here, it cannot seriously be disputed that the arbitration clause in the written agreement would cover an alleged breach of an amendment to the original agreement. (Def.'s Mot. to Compel Arbitration ¶ 3.) On the basis of the allegations and Complaint exhibits, Kuhn Capital's instant breach of contract claim is "a dispute arising out of the Agreement."

Gibson is also entitled to a stay with regards to Kuhn Capital's quantum meruit claim. This Court observed that

> if the basis of a quantum meruit claim can be read to fit within an arbitration clause, arbitration should be ordered—particularly if the quantum meruit claim essentially involves, as it does here, an alternate theory of breach of contract.

*Teldata Control, Inc. v. County of Cook*, No. 02 C 7439, 2003 WL 1873921 (N.D. Ill. Apr. 14, 2003) (unpublished) (citing *U.S. & Int'l Travel & Tours, Inc. v. Tarom-S.A.,S.C. Compania Nationala de Transporturi Aeriene Romane*, 98 F. Supp. 2d 979, 980 (N.D. Ill. 2000). Here, the arbitration clause is broad in scope and sweeps in collateral claims. *See ACE Capital re Overseas Ltd. v. Central United Life Ins. Co.*, 307 F.3d 24, 34-35 (2d Cir. 2002) (broad arbitration clauses cover collateral matters); *Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading, Inc.*, 252 F.3d 218, 226-27 (2d Cir. 2001) (interpreting arbitration clauses using "arising from" as broad and "arising under" as narrow). Moreover, Kuhn Capital raises its quantum meruit claim only as a hedge against the determination that the quoted email exchange and alleged actions taken pursuant to it were insufficient to create an enforceable contract. This claim then is also one which Kuhn Capital should submit as part of the pending arbitration.

**CONCLUSION**

For the foregoing reasons, Gibson respectfully requests that the Court enter an order compelling Kuhn Capital to submit the instant claims as part of the ongoing arbitration between these parties and staying the federal proceeding until that arbitration has concluded.

Dated: April 18, 2008

Respectfully submitted,

GIBSON GUITAR CORP.

By: /s/ Ranjit J. Hakim____________
One of Its Attorneys

Michael J. Gill
Ranjit Hakim
Mayer Brown LLP
71 S. Wacker
Chicago, IL 60606
(312) 782-0600

# CERTIFICATE OF SERVICE

Ranjit Hakim, an attorney, hereby certifies that he caused a copy of the foregoing **NOTICE OF MOTION, DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY FEDERAL PROCEEDINGS,** and **DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO COMPEL ARBITRATION AND STAY FEDERAL PROCEEDINGS** to be served upon:

David Bronner
Nicholas Anaclerio
Antonio Caldarone
UNGARETTI & HARRIS LLP
3500 Three First National Plaza
Chicago, IL 60602
(312) 977-4400

by causing the same to be deposited in the United States Mail, postage prepaid on April 18, 2008.

/s/ Ranjit J. Hakim____________
Ranjit Hakim